## John M. TATE v. GEORGE A. FULLER & CO. et al.*
### No. 1025.

Court of Appeal of Louisiana, First Circuit.
Jan. 24, 1933.

For former opinion, see 143 So. 550.

Chas. A. Holcombe, of Baton Rouge, for appellants.

Daspit & Huckabay, of Baton Rouge, for appellee.

### LE BLANC, J.

In their brief in support of their application for rehearing, counsel for plaintiff call attention to what they refer to as error committed by the court in finding that the plaintiff only started to drink after the escapade recited by him in detail on cross-examination and commented on in the opinion. Suffice it to say that after carefully reading the record over again, we find that plaintiff's testimony on this point is susceptible of the interpretation which we have placed upon it. The point is not an issue in the case however, and the decision does not depend on it. We referred to the matter merely for the purpose of giving our appraisal of the plaintiff's character and our appreciation of his testimony as a whole.

The application otherwise presents nothing that we have not considered as vital in the case and is not mentioned in the opinion. We are not unmindful at all of the great weight which attaches to the finding of a trial judge on questions of fact, but are none the less conscious of our duty to set aside his

*Writ of certiorari denied Feb. 25, 1933.

finding, when, in our opinion, we honestly feel that he has fallen into error. To uphold the finding in this case, we would, as stated in the opinion, have to accept the testimony of only one expert witness and discard that, not only of the several other experts who testified, but also of the attending physician who first saw the plaintiff at the time of his injury. This, we cannot do and render justice as we think should be done.

The application will therefore be denied.